## E. B. MCCLURE V. THE STATE.

No. 9630.   Delivered February 17, 1926.

**1.—Murder—Evidence—Held Sufficient.**

Where, on a trial for murder, the evidence disclosed that appellant, who was a special agent for the Fort Worth and Denver Railroad at Wichita Falls, while looking for the person who he was informed had robbed a caboose at Vernon, saw deceased and another person on a coal car, and as he approached them they both ran, and he fired several shots, killing the deceased. He had no warrant or other authority to arrest either of the parties. These facts in our judgment supported his conviction for murder.

**2.—Same—Continuance—Diligence Insufficient—Properly Refused.**

Where appellant was indicted on December 15th, and on December 17th his case was set down for trial on January 8th following, and on January 6th he issued subpoenaes for three character witnesses, and asked a continuance on account of their absence, the diligence being insufficient, there was no error in refusing the continuance. The refusal to postpone a case for character witnesses does not ordinarily demand a reversal. See Branch's Ann. P. C., Sec. 333.

**3.—Same—Requested Charge—Properly Refused.**

Where, in the instant case, appellant sought to have the jury instructed under subdivision 8 of Art. 1222, P. C. 1925, that "In cases of burglary and theft by night, the homicide is justifiable at any time while the offender is in the building or at the place where the theft is committed, or is within reach of gunshot from such place or building." There is not a word of evidence in this case that would justify such a charge and it was properly refused.

**4.—Same—Bill of Exception—Incomplete—No Error Presented.**

Where a bill of exception complains of the manner of summoning the special venire, and the bill does not in any manner verify the truth of the matter complained of, they being stated as grounds of objection only, no error is presented. See Branch's Ann. P. C., Sec. 209.

Appeal from the District Court of Wichita County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*E. L. Fulton* and *John Davenport* of Wichita Falls, for appellant.

*James V. Allred,* District Attorney, *Sam D. Stinson,* State's Attorney and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment being five years in the penitentiary.

The killing occurred on the night of December 5th, 1924, Deceased was Wesley Lisk, a negro. Appellant was special agent for the Ft. Worth & Denver Railroad with headquarters at Wichita Falls. Prior to the killing but on the same night he received a telegram from Vernon advising him that some one had burglarized a caboose there and stolen two suits of clothes and other articles, and requesting him to search arriving trains for the parties. No description of the suspected parties was given nor whether they were white or negroes. In fact the parties at Vernon sending the wire had no idea

who had committed the burglary, and did not claim to know or have information that they were on their way to Wichita Falls. The state's case is made out by the statement of appellant the next morning in the presence of witnesses at the scene of the killing after he had been released on bond, the substance of which is, that after he received the telegram he was watching the arriving trains .from the direction of Vernon: that he saw two heads sticking out of a coal car, and he climbed. on a car immediately behind it; that the two parties jumped off and ran, that he told them to halt before he shot and then shot four times and one of them fell, that the other stumbled and looked like he dropped a bundle but picked it up and kept going. Appellant said if deceased had any weapon on he did not know it, that he was running when shot; that when he saw the heads of the parties in the car he did not know whether they were white men or negroes, and did not know it was a negro he had shot until he went to where he had fallen in a cotton patch some fifty steps from the railroad. Appellant's testimony on his trial was not materially different from his former statement. It shows that deceased and the party with him were in the cotton patch running when appellant fired. He claimed the first shot was an accidental discharge of the pistol, the ball going into the car on which he was at the time; that he then fired three times into the air, his purpose being "to get that negro to halt so I could arrest them and see if they were the parties that stole this stuff out of the caboose at Vernon." He denied shooting at deceased but claimed the killing to have been accidental. Appellant had no warrant of arrest. He claimed to believe deceased and his companion were the parties who burglarized the caboose at Vernon but had no information upon the point further than has already been indicated. Under the facts appellant had no semblance of justification for killing deceased and may consider himself fortunate that the jury assessed the minimum punishment.

Appellant sought a postponement or continuance based on the absence of three witnesses by whom he expected to prove that his general reputation as a peaceful, law-abiding citizen and conservative officer was good. The indictment was returned on December 15th and appellant immediately made bond. On December 17th the case was set down for trial on January 8th. No process was requested for the absent witnesses until January 6th. Appellant seeks to excuse this lack of diligence by an averment that his superior officer assured him the railway company would furnish counsel to represent him. This can in no way excuse the failure to have process

issued for his witnesses. He was out on bond and diligence demanded that he prepare for trial. The refusal to postpone a case for character witnesses does not ordinarily demand a reversal. (For collated authorities, see Sec. 333, Branch's Ann. P. C.) We see nothing in the present case to bring it within an exception to the general rule in this regard.

In a number of requested charges appellant sought to have the jury instructed under sub-division eight of Article 1222 P. C. (1925 Revision) which reads:

"In cases of burglary and theft by night, the homicide is justifiable at any time while the offender is in the building or at the place where the theft is committed, or is within reach of gunshot from such place or building."

We can see no application of this provision of our statute to the case under investigation, hence no error in refusal of the special charges. There is not the slightest evidence that any theft was committed at the place of the homicide. There is only the merest and most far-fetched suspicion that deceased was connected with the theft from the caboose at Vernon. If so it was in another county and far removed from the scene of the killing.

Complaint is made of the manner of summoning the special venire. The bill of exception does not in any manner verify the truth of the matters complained of. They are stated as grounds of objection only, which does not suffice. See Sec. 209, Branch's Ann. Tex. P. C.

Finding no errors in the record demanding reversal, the judgment is affirmed.

*Affirmed.*